October 29, 2018

**VIA ECF**
Honorable Barbara C. Moses
United States District Court
Southern District of New York
500 Pearl Street, Room 20A
New York, NY 10007

Re:   *Lyons v. Lord & Taylor LLC, et al.*; Case No. 18 Civ. 1891 (BCM)
      **Joint Letter in Support of Settlement Agreement**

Dear Judge Moses:

Plaintiff Karen Lyons ("Plaintiff") and Defendants Lord & Taylor LLC, Lord & Taylor Acquisition Inc., Lord & Taylor Holdings LLC, and Richard Baker (collectively, "Defendants"), by their undersigned counsel, jointly submit this letter in support of the fairness and reasonableness of the parties' settlement agreement ("Agreement"), attached as Exhibit 1. The parties respectfully request that the Court approve the Agreement.

**I.    Background**

In this action, Plaintiff asserts claims for unpaid overtime compensation and failure to provide wage statements, and discrimination pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Laws ("NYLL"). On September 24, 2018, the parties and their counsel participated in a settlement conference before this Court. During the settlement conference, the Court proposed that the parties settle the case for an "all-in" settlement for $115,000 and terms providing for the protection of Defendants' confidential and proprietary information that Plaintiff may have obtained during her employment with Defendants. The parties have agreed to resolve their dispute on these terms and pursuant to the other fair and reasonable terms set forth in the Agreement. *See* Ex. 1.

**II.   The Agreement is Fair and Reasonable**

When determining whether an agreement to settle FLSA claims is fair and reasonable, the district court "should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4)

whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citation omitted). The totality of the circumstances in this case strongly supports the fairness and reasonableness of the Agreement.

### i. Reasonable Financial Terms

The parties agreed to settle this dispute for $115,000 upon the Court's suggestion after a settlement conference supervised by this Court. Both parties were represented by experienced counsel. Accordingly, the Agreement is the product of arm's-length bargaining between sophisticated parties directly overseen by the Court. Furthermore, there is no danger of fraud or collusion.

Pursuant to the Agreement, Plaintiff will receive $79,274.17, which is more than two-thirds of the total settlement payment.

As set forth in the parties' *ex parte* letters submitted to the Court prior to the settlement conference, significant issues as to liability and damages exist in this case, including whether Plaintiff qualifies as non-exempt under FLSA, the amount of hours worked by Plaintiff, and the proper calculation of unpaid overtime compensation should Defendants be found liable. For example, Defendants calculated a possible recovery of just $29,880 for unpaid overtime compensation while taking into account assumptions favorable to Plaintiff, including the assumption that the amount of hours Plaintiff worked were consistent with what she represented during the parties' settlement negotiations. Issues regarding Plaintiff's non-exempt status under the FLSA, whether the NYLL would apply in this case, the proper calculation of unpaid overtime, statute of limitations defenses, and various other issues raised before the Court before and during the settlement conference would be aggressively litigated via summary judgment motions and at trial. Accordingly, the net recovery, "when considered in light of the inherent time, cost, and risk savings for both sides in settling this case, is fair and reasonable." *See Cionca v. Interactive Realty, LLC*, 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016) (Moses, M.J.) (holding $90,000 settlement with $60,541.96 going to plaintiff was reasonable).

### ii. Work Performed by Plaintiff's Counsel

While the case settled at the beginning of discovery, Plaintiff's counsel performed critical work. As noted earlier, analysis had to be performed with respect to whether Plaintiff was exempt. In addition, due to the nature of Plaintiff's unusual work schedule at Defendants, it involved a fair amount of work in determining how much overtime—if any—Plaintiff worked. Beyond legal research, Plaintiff's counsel met with Plaintiff on numerous occasions to receive a better understanding of the work she performed, the hours she worked and to review work related documents. In addition, Plaintiff's counsel drafted multiple spreadsheets setting forth the avenues of potential recovery in various scenarios.

### iii. Attorneys' Fees and Counsel's Qualifications

Plaintiff's retainer agreement with the undersigned counsel provides for a contingency fee of one-third of any recovery over and above the initial severance offered, exclusive of costs and disbursements. Courts regularly approve attorneys' fees of one-third of the settlement amount in non-class FLSA cases. *See Karic v. Major Automotive Companies, Inc.*, 2016 WL 1745037 at *8 (E.D.N.Y. Apr. 27, 2016) (citing cases). Consistent with Plaintiff's agreement with Plaintiff's counsel, Plaintiff's counsel will receive $35,725.83.

Consistent with the Court's request, we have provided our time sheets. These time sheets are annexed as Exhibit 2. The total amount of attorney fees of Plaintiff's counsel is $37,928.00.

Vincent Bauer is the principal attorney at The Law Offices of Vincent Bauer. Mr. Bauer has over 20 years of experience specializing in employment law in New York. Many of these years included working at Morgan Lewis, where Mr. Bauer primarily practiced employment law. Mr. Bauer was named a Super Lawyer in 2011 and again from 2013-2018. Mr. Bauer's hourly rate is $450 per hour.

Jacob Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. Mr. Aronauer has handled close to 100 wage and hour matters. In 2018, Mr. Aronauer was voted a "Rising Star" in the New York area by Super Lawyers. Mr. Aronauer's hourly rate is $350 an hour. This hourly rate is what Mr. Aronauer charges his management-side clients. Paralegals in this case employed by Mr. Aronauer's firm were billed at a rate of $150 per hour. As reflected at the settlement conference, the paralegals at The Law Offices of Jacob Aronauer performed high level work related to the spreadsheets pertaining to Lyon's potential damages.

The hourly rate of $450 for Mr. Bauer and $350 an hour for Mr. Aronauer is widely accepted in the Southern District of New York. *See Manley v. Midan Rest. Inc.*, 2017 U.S. Dist. LEXIS 44560, at * 31 (S.D.N.Y. Mar. 27, 2017) (approving a rate of $500 an hour for senior attorney Louis Pechman and $350 an hour for associate Gianfranco Cuadra). Likewise, the hourly rate of $150 for paralegals is often approved. *See Manley*, 2017 U.S. Dist. LEXIS 44560, at * 32-33 (S.D.N.Y. Mar. 27, 2017) (collecting cases).

### iv. Nondisclosure and Nondisparagement

The Agreement contains appropriate nondisclosure and non-disparagement provisions narrowly tailored to protect the parties' legitimate interests. Section 10 of the Agreement provides that Plaintiff will not disclose any "non-public information, including technical information, relating to the Lord & Taylor Parties' business, including without limitation health information or personally identifiable information related to a director or officer of a Lord & Taylor Party or that director's or officer's family member." (Ex. 1 at § 10(a).) As the parties

discussed with the Court during the settlement conference, Plaintiff had access to such information during her employment with Defendants, and the disclosure of this information would harm Defendants' legitimate interests and those of their executives and family members.

Courts scrutinize confidentiality clauses in FLSA cases "because they prevent the spread of information about FLSA actions to other workers . . . who [could] then use that information to vindicate their own statutory rights." *Cionca*, 2016 WL 3440554, at *3 (internal quotations omitted). The Agreement does not raise these concerns because it expressly does not prohibit Plaintiff from disclosing the Agreement or its terms. (Ex. 1 at § 10(a) ("For the avoidance of doubt, Confidential Information shall not include the existence or terms of this Agreement").)

Similarly, the Agreement's non-disparagement provision does not raise any FLSA concerns. The Agreement prevents either party from making any statement "that disparages or is likely in any way to harm the reputation of the other Party." *Id.* at § 10(b). It does not apply to "truthful statements regarding a Party's experience litigating or settling this Action." *Id.* Accordingly, the mutual non-disparagement provision does not run afoul of the policy concerns underlying the FLSA. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015) (requiring nondisparagement clause to have "carve-out for truthful statements about plaintiffs' experience litigating their case").

v. Mutual General Releases

Finally, the Agreement contains fair and reasonable mutual releases from liability that allow the parties to "walk[] away from their relationship up to th[is] point in time without the potential for any further disputes." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) (approving mutual general releases in FLSA settlement). Here, the mutual releases release both parties from liability for any claims that each other might have up to the date of the Agreement which "(i) were alleged in the Action; (ii) arise out of or are related to the allegations and claims that were asserted in the Action; and/or (iii) could have been asserted based on the facts, matters, evidence, documents, transactions, or occurrences alleged in the Action. . . ." (Ex. 1 at § 4.)

Courts in this district routinely approve of similar mutual releases in FLSA settlements. *See, e.g., Cionca*, 2016 WL 3440554, at *3-4; *Souza*, 2015 WL 7271747, at *5; *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016). This case is not a class action, so there is no danger that the releases "would bind class members who had no bargaining power concerning the settlement terms." *Cionca*, 2016 WL 3440554, at *4. Also, Plaintiff is no longer an employee of Defendants, which eliminates "the danger that the release was obtained through improper job-related pressure." *Id.*

## III. Conclusion

The Agreement is a product of arms'-length negotiations between sophisticated parties and their counsel and mediated by this Court. Its terms are fair, reasonable, and consistent with FLSA policy and this Court's precedent. Accordingly, the parties jointly request that the Court approve the Agreement as set forth in Exhibit 1.

Jointly submitted,

| | |
|---|---|
| By: /s/ Vincent Bauer<br>Vincent E. Bauer<br>Law Offices of Vincent E. Bauer<br>112 Madison Ave, 5th Floor<br>New York, New York 10016<br>(212) 575-1517<br><br>Jacob Aronauer<br>The Law Offices of Jacob Aronauer<br>225 Broadway, 3rd Floor<br>New York, New York 10007<br>(212) 323-6980<br><br>*Counsel for Plaintiff Karen Lyons* | By: /s/ Michael Dockterman<br>Michael Dockterman (pro hac vice)<br>Steptoe & Johnson LLP<br>115 S. LaSalle Street, Suite 3100<br>Chicago, Illinois 60603<br>(312) 577-1243<br>mdockterman@steptoe.com<br><br>Charles Michael<br>Steptoe & Johnson LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 506-3900<br>cmichael@steptoe.com<br><br>*Counsel for defendants Lord & Taylor LLC,*<br>*Lord & Taylor Acquisition Inc.,*<br>*Lord & Taylor Holdings LLC and*<br>*Richard A. Baker* |

**EXHIBIT 1**

## SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is made on and effective as of October __, 2018 (the "Effective Date"), by and among Lord & Taylor, LLC, Lord & Taylor Acquisition Inc., Lord & Taylor Holdings LLC, and Richard A. Baker (collectively, the "Lord & Taylor Parties"), on the one hand, and Karen Lyons ("Lyons"), on the other hand. The Lord & Taylor Parties and Lyons are collectively referred to herein as the "Parties."

## RECITALS

A.   **WHEREAS**, Lyons filed a lawsuit against the Lord & Taylor Parties captioned *Lyons v. Lord & Taylor, LLC et al.*, in the United States District Court for the Southern District of New York (the "Court") bearing case number 18 Civ. 1891 (PGG) (BCM) (the "Action"), in which Lyons alleged that the Lord & Taylor Parties are liable for, among other things, unpaid overtime pay, liquidated damages, penalties, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

B.   **WHEREAS**, the Lord & Taylor Parties deny that they are liable for any claims asserted in the Action;

C.   **WHEREAS**, the Parties have agreed that the interests of all concerned are best served by compromise, settlement, and dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests;

D.   **NOW THEREFORE**, in consideration of the mutual terms, conditions, and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.   **Settlement Payment.** The Lord & Taylor Parties shall pay a total sum of One Hundred and Fifteen Thousand Dollars ($115,000.00) (the "Payment") to Lyons and her counsel in the following manner:

   a.   **Payment to Lyons.** Lyons shall receive Seventy-Nine Thousand Two Hundred Seventy-Three Dollars and Seventeen cents ($79,274.17). This payment shall be reported via a form 1099, and Lyons will be responsible for all taxes.

   b.   **Payment to The Law Offices of Jacob Aronauer.** The Law Offices of Jacob Aronauer shall receive Twenty-Three Thousand Eight Hundred Seventeen Dollars and Twenty-Two Cents ($23,817.22). This payment shall be reported via a form 1099.

   c.   **Payment to The Law Offices of Vin Bauer.** The Law Offices of Vincent E. Bauer shall receive Eleven Thousand Nine Hundred and Eight Dollars and Sixty-One Cents ($11,908.61). This payment shall be reported via a form 1099.

2. **Payment Schedule**. The Parties agree that the Payment represents a settlement of disputed claims made by Lyons and denied by the Lord & Taylor Parties, inclusive of costs and reasonable attorneys' fees. The Payment is conditioned upon Court approval of this Agreement and shall be made within fourteen (14) days following the entry of an order approving this Agreement.

3. **In the Event of Failure to Make Payment**. In the event that that the Lord & Taylor Parties fail to make payment as set forth under Section 2, Lyons's counsel shall provide notice to the Lord & Taylor Parties' counsel Michael Dockterman. Notice by e-mail at mdockterman@steptoe.com shall be deemed sufficient notice. After notice, the Lord & Taylor Parties shall have seven (7) days to remedy breach of the Agreement.

4. **General Release and Waiver of Rights**.

   a. In return for the consideration described above, Lyons unconditionally releases and forever discharges the Lord & Taylor Parties, their agents, employees, parents (including without limitation The Hudson's Bay Company), affiliates, successors, and assigns (the "Released Parties"), from any and all claims, demands, suits, causes of action, debts, liens, demands, liabilities, obligations, covenants, controversies, agreements, promises, damages, costs, expenses of any nature whatsoever, at law or in equity, known or unknown, which (i) were alleged in the Action; (ii) arise out of or are related to the allegations and claims that were asserted in the Action; and/or (iii) could have been asserted based on the facts, matters, evidence, documents, transactions, or occurrences alleged in the Action, whether under federal or state law, including without limitation any violation of the NYLL, FLSA, or any other wage order or state regulation or directive.

   b. The Lord & Taylor Parties unconditionally release and forever discharge Lyons, her agents, successors, and assigns from any and all claims, demands, suits, causes of action, debts, liens, demands, liabilities, obligations, covenants, controversies, agreements, promises, damages, costs, expenses of any nature whatsoever, at law or in equity, known or unknown, which (i) were alleged in the Action; (ii) arise out of or are related to the allegations and claims that were asserted in the Action; and/or (iii) could have been asserted as counterclaims based on the facts, matters, evidence, documents, transactions, or occurrences alleged in the Action, whether under federal or state law.

   c. In connection with the release and waiver described in this Section 4, the Parties hereby acknowledge that they or their attorneys may hereafter discover claims or facts in addition to, or different from, those which they now know or believe to exist, but that the Parties expressly agree to fully, finally, and forever settle and release any and all claims, known or unknown, suspected or unsuspected, which exist or may have existed before the Effective Date, arising out of or related to the claims or allegations that were made in this Action or could have been made based on the facts, matters, evidence, documents, transactions, or occurrences alleged in this Action.

5. **No Other Payment Due**. Except as specifically provided in this Agreement, Lyons agrees that she is not entitled to any other payments for salary, benefits, wages, bonuses,

allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, or any other form or kind of payment or compensation from the Released Parties.

6. **Court Approval and Dismissal With Prejudice**. The Parties shall cooperate in good faith in taking the necessary steps to obtain approval of this Agreement consistent with the Court's October 2, 2018 Order and any subsequent orders entered by the Court.

If the Court approves this Agreement, Lyons shall dismiss the Action with prejudice and the Parties shall file a stipulation of dismissal with prejudice within seven (7) days following payment by the Lord & Taylor Parties.

If the Court does not approve this Agreement, the Agreement shall terminate and be of no force or effect, unless the Parties agree in writing to modify this Agreement in a manner necessary to obtain Court approval. The Parties agree to act in good faith to modify this Agreement to obtain Court approval in the event the Court does not approve this Agreement.

7. **Accord and Satisfaction**. Should any proceeding be instituted by Lyons with respect to the matters settled, released, or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed full accord, satisfaction, and settlement of any such claims and sufficient basis for immediate dismissal.

8. **Claims Not Included**. The Parties agree that the Release contained in Section 4 of this Agreement shall release the Released Parties from liability to the fullest extent permitted by law and only to the extent permitted by law. The Parties acknowledge that this Agreement does not prohibit the following rights or claims: (i) claims that arise after the Effective Date and (ii) claims that cannot be waived as a matter of law pursuant to any federal, state, or local law. If it is determined that any claim covered by this Agreement cannot be waived as a matter of law, the Parties expressly agree that this Agreement will nevertheless remain valid and fully enforceable as to the remaining released claims.

9. **No Admission of Liability**. The Parties understand and agree that the consideration given and the responsibilities undertaken pursuant to this Agreement are not to be construed as admissions of any liability on the part of any Released Party, all such liability being expressly denied.

10. **Nondisclosure and Nondisparagement..**

   a. Lyons acknowledges that during the course of her employment with the Lord & Taylor Parties, Lyons received and/or obtained knowledge of Confidential Information (as defined below). Lyons agrees to keep in strict confidence and trust all Confidential Information, and Lyons will not disclose, reveal, convey or communicate any Confidential Information without the consent of the Lord & Taylor Parties, except as required by law. "Confidential Information" shall mean non-public information, including technical information, relating to the Lord & Taylor Parties' business, including without limitation health information or personally identifiable information related to a director or officer of a Lord & Taylor Party or that director's or officer's

family member. For the avoidance of doubt, Confidential Information shall not include the existence or terms of this Agreement.

      b.    No Party shall make, or cause to be made, any statements, observations, or opinions, or communicate any information (whether oral or written), that disparages or is likely in any way to harm the reputation of the other Party. This nondisparagement obligation shall not apply to truthful statements regarding a Party's experience litigating or settling this Action.

      c.    If the Lord & Taylor Parties possess sufficient evidence to persuade a court that Lyons has violated the obligations set forth in this Section, Lyons acknowledges that the harm would be irreparable and not compensable by monetary damages alone, and that the Lord & Taylor Parties shall be entitled to seek an order for injunctive relief.

      d.    If Lyons possesses sufficient evidence to persuade a court that the Lord & Taylor Parties have violated the obligations set forth in this Section, the Lord & Taylor Parties acknowledge that the harm would be irreparable and not compensable by monetary damages alone, and that Lyons shall be entitled to seek an order for injunctive relief.

      e.    The above obligations of nondisclosure and nondisparagement shall survive in perpetuity for non-public information of the Lord & Taylor Parties, of a director or officer of the Lord & Taylor Parties, of a director's or officer's family member, or the Lord & Taylor Parties' customers or personnel.

11.   **Representations and Warranties**.  Each Party represents and warrants to the others that each Party has the full right and power to execute, deliver and perform this Agreement according to its terms, without the necessity of consent of or joinder with another. When executed, delivered, and approved by the Court, this Agreement shall constitute a valid and binding agreement, enforceable according to its terms and as to all related entities, successors, subsidiaries, affiliates and/or agents and assigns. The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights released in this Agreement.

12.   **Entire Agreement**.  This Agreement shall constitute the entire agreement and understanding of and among the Parties in relation to matters described herein, and no statements, representations, inducements or promises other than as expressly set forth herein have been given or received by any of the Parties (nor by their respective agents, employees, attorneys or representatives) in return for the same. All negotiations, oral conversations, statements, representations and/or agreements leading up to the execution of this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation or otherwise.

13.   **Waiver and Modification**.  This Agreement may not be modified, altered, or changed except upon express written consent of the Parties.

14. **Counterparts and Signatures.** This Agreement may be signed in counterparts, which, taken together, shall constitute the agreement of the Parties. The Parties agree to accept facsimile signatures and electronic signatures as originals.

15. **Severability**. The Parties expressly agree that if any portion of this Agreement is, or shall hereafter be found by a court of competent jurisdiction to be unlawful, invalid, or otherwise unenforceable, then the remaining portions of this Agreement shall nonetheless continue to be in full force and effect and binding upon each of the Parties hereto.

16. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith. Specifically, Magistrate Barbara Moses shall retain jurisdiction with respect to the enforcement of the Agreement. In the event that Judge Moses is not available, enforcement of the Agreement will be randomly assigned to another Magistrate Judge in the Southern District of New York. The Parties and their counsel submit to the exclusive jurisdiction of the Court for purposes of interpreting, implementing, and enforcing this Agreement and all orders and judgments entered in connection therewith. If any action or proceeding is commenced to enforce the terms of this Agreement by either Party, the prevailing Party shall be entitled to receive from the other Party the reasonable attorneys' fees, costs, and expenses incurred in such action or proceeding by the prevailing Party.

17. **Representation by Counsel**. The Parties acknowledge that they have each been represented by independent counsel of their own choice throughout all of the negotiations that preceded and resulted in the execution of this Agreement. This Agreement shall be construed fairly as to all Parties and not in favor of or against any of the Parties regardless of who prepared this Agreement.

[Signature Page to Follow]

The undersigned have carefully read the Agreement and know its contents, and have signed the same as their free and voluntary act.

_____     _____
For Lord & Taylor, LLC, Lord & Taylor     Karen Lyons
Acquisition Inc., and Lord & Taylor Holdings
LLC

By:

Title:

_____
Richard A. Baker

**EXHIBIT 2**

# Law Offices of Jacob Aronauer

225 Broadway, 3rd Floor
New York, New York 10007
United States
Phone: (212) 323-6980

# INVOICE

Invoice # 94
Date: 10/29/2018
Due On: 11/28/2018

Karen Lyons

## 00181-Lyons

## Lyons v. Lord and Taylor Acquisition, Inc.

| Type | Date | Notes | Quantity | Rate | Total |
| --- | --- | --- | --- | --- | --- |
| Service | 02/01/2018 | Attorney Fees: Initial call with client | 0.30 | $350.00 | $105.00 |
| Service | 02/02/2018 | Paralegal Fees - John: Legal research on FMLA, NY Family Leave, Second Circuit decisions | 3.50 | $150.00 | $525.00 |
| Service | 02/05/2018 | Paralegal Fees - Sian: research re: being "on call" | 1.25 | $150.00 | $187.50 |
| Service | 02/05/2018 | Attorney Fees: Initial client meeting and legal research and review of documents. | 2.90 | $350.00 | $1,015.00 |
| Service | 02/05/2018 | Paralegal Fees - Sian: Initial client meeting. | 0.60 | $150.00 | $90.00 |
| Service | 02/06/2018 | Paralegal Fees - Karin: Worked on damages spreadsheet | 1.00 | $150.00 | $150.00 |
| Service | 02/06/2018 | Attorney Fees: Legal research in re areas she can recover and e-mail to Vin giving my two cents and reviewing documents. | 3.20 | $350.00 | $1,120.00 |
| Service | 02/07/2018 | Attorney Fees: Legal research and e-mails analyzing issues. | 1.30 | $350.00 | $455.00 |
| Service | 02/08/2018 | Paralegal Fees - Karin: Reviewed emails from client regarding schedule, phone call with client | 0.66 | $150.00 | $99.00 |
| Service | 02/08/2018 | Paralegal Fees - Karin: Research on case law in re exemption issues. | 1.07 | $150.00 | $160.50 |
| Service | 02/08/2018 | Paralegal Fees - Karin: Worked on damages spreadsheet | 2.00 | $150.00 | $300.00 |
| Service | 02/09/2018 | Attorney Fees: Phone call with Lyons and further work on spreadsheet and damages. | 1.10 | $350.00 | $385.00 |
| Service | 02/14/2018 | Paralegal Fees - Sian: review damages spreadsheet | 0.11 | $150.00 | $16.50 |
| Service | 02/14/2018 | Attorney Fees: Communications with client as to work duties and settlement update. | 0.20 | $350.00 | $70.00 |

Page 1 of 5

| | | | | | |
|---|---|---|---|---|---|
| Service | 02/15/2018 | Paralegal Fees - Karin: Phone call with Vin about damages spreadsheet, drafted straight time for OT spreadsheet. | 0.50 | $150.00 | $75.00 |
| Service | 02/15/2018 | Paralegal Fees - Karin: Created spreadsheets with prejudgment interest under Connecticut law and spreadsheets without liquidated damages | 1.40 | $150.00 | $210.00 |
| Service | 02/15/2018 | Attorney Fees: Discussed damages spreadsheet; phone call with opposing counsel. | 0.70 | $350.00 | $245.00 |
| Service | 02/18/2018 | Attorney Fees: Legal research in re venue and jurisdiction. | 1.60 | $350.00 | $560.00 |
| Service | 02/21/2018 | Paralegal Fees - Sian: research previous lawsuits involving Lord & Taylor | 2.29 | $150.00 | $343.50 |
| Service | 02/21/2018 | Attorney Fees: Work on complaint | 3.80 | $350.00 | $1,330.00 |
| Service | 02/22/2018 | Attorney Fees: Work on complaint. | 2.10 | $350.00 | $735.00 |
| Service | 02/22/2018 | Attorney Fees: Phone call with Vin in re complaint. | 0.20 | $350.00 | $70.00 |
| Service | 02/25/2018 | Attorney Fees: Work on complaint and e-mail correspondence with client. | 2.10 | $350.00 | $735.00 |
| Service | 02/27/2018 | Attorney Fees: Worked on complaint and gave it to Vin to review. Spoke to client as well about status of case etc. | 1.30 | $350.00 | $455.00 |
| Service | 02/28/2018 | Attorney Fees: Draft complaint. | 2.40 | $350.00 | $840.00 |
| Service | 03/02/2018 | Paralegal Fees - Angelica W.: Prepared Summons, Civil Cover Sheet, Process Server Letter, Printed Complaint | 2.50 | $150.00 | $375.00 |
| Service | 03/05/2018 | Attorney Fees: Phone call with Lyons. | 0.50 | $350.00 | $175.00 |
| Service | 03/06/2018 | Attorney Fees: Calls with opposing counsels; talk with Vin in re new attorneys. Service issues related to Defendants. | 0.70 | $350.00 | $245.00 |
| Service | 04/09/2018 | Paralegal Fees - John: Legal Research re: definition of common carrier, exemptions | 1.00 | $150.00 | $150.00 |
| Service | 04/09/2018 | Attorney Fees: Conference call with opposing counsel; prepare for call; post call with Vin and Lyons. | 0.90 | $350.00 | $315.00 |
| Service | 04/10/2018 | Attorney Fees: Work on e-mail to Defendants' counsel with respect to whether Plaintiff is exempt under the Railway Labor Act. | 0.80 | $350.00 | $280.00 |
| Service | 04/15/2018 | Attorney Fees: E-mail to Vin relating to settlement strategy in Lyons. | 0.10 | $350.00 | $35.00 |
| Service | 04/19/2018 | Attorney Fees: Phone call with Karen Lyons and her husband as it relates to the case. | 0.20 | $350.00 | $70.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 04/19/2018 | Attorney Fees: Draft e-mail to opposing counsel in re settlement. | 0.60 | $350.00 | $210.00 |
| Service | 04/27/2018 | Attorney Fees: Review settlement e-mail from opposing counsel and look at case law. | 0.40 | $350.00 | $140.00 |
| Service | 04/28/2018 | Attorney Fees: Review and analyze case law; draft settlement response e-mail. | 2.50 | $350.00 | $875.00 |
| Service | 04/29/2018 | Attorney Fees: Review/edit settlement e-mail. | 0.90 | $350.00 | $315.00 |
| Service | 05/08/2018 | Paralegal Fees - Karin: Looked up cases cited by Dockterman | 1.20 | $150.00 | $180.00 |
| Service | 05/08/2018 | Paralegal Fees - Karin: Reviewed Dockterman's April 27 email and calculations | 0.70 | $150.00 | $105.00 |
| Service | 05/08/2018 | Attorney Fees: Phone call re: settlement | 0.30 | $350.00 | $105.00 |
| Service | 05/10/2018 | Attorney Fees: Responsive settlement e-mail. | 2.80 | $350.00 | $980.00 |
| Service | 05/11/2018 | Attorney Fees: Review letter to opposing counsel. | 0.20 | $350.00 | $70.00 |
| Service | 05/11/2018 | Paralegal Fees - Sian: proofed letter to opposing counsel | 1.00 | $150.00 | $150.00 |
| Service | 05/14/2018 | Paralegal Fees - Karin: Meeting with client, discussed my next tasks with Vin and Jacob | 1.30 | $150.00 | $195.00 |
| Service | 05/14/2018 | Paralegal Fees - Karin: Reviewed damages spreadsheet, made FWW spreadsheet | 2.00 | $150.00 | $300.00 |
| Service | 05/14/2018 | Paralegal Fees - Karin: Looked over flight logs, made spreadsheet detailing 2015 flights, made spreadsheet showing number of flights in any given week. | 3.20 | $150.00 | $480.00 |
| Service | 05/14/2018 | Attorney Fees: Meeting with client. | 2.00 | $350.00 | $700.00 |
| Service | 05/16/2018 | Paralegal Fees - Sian: reviewed and revised spreadsheets | 0.34 | $150.00 | $51.00 |
| Service | 05/17/2018 | Attorney Fees: Discussion of potential damages and phone call with client. | 0.30 | $350.00 | $105.00 |
| Service | 05/18/2018 | Attorney Fees: Conference call with opposing counsel in re settlement and then follow up with Vin via email | 0.60 | $350.00 | $210.00 |
| Service | 06/05/2018 | Attorney Fees: Settlement phone call with lawyer and then a follow up call with client. | 0.20 | $350.00 | $70.00 |
| Service | 06/27/2018 | Attorney Fees: Phone call in re discovery schedule and settlement. | 0.40 | $350.00 | $140.00 |
| Service | 07/11/2018 | Attorney Fees: Phone call with Vin | 0.20 | $350.00 | $70.00 |
| Service | 07/12/2018 | Attorney Fees: Prepare for initial case conference; travel to conference; actual conference. | 1.40 | $350.00 | $490.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 08/07/2018 | Paralegal Fees - Karin: Worked on document requests and requests for admissions | 3.30 | $150.00 | $495.00 |
| Service | 08/08/2018 | Paralegal Fees - Karin: Worked on Document Requests and Requests for Admissions, reviewed documents Lyons gave us to find the tasks she performed | 2.00 | $150.00 | $300.00 |
| Service | 08/08/2018 | Attorney Fees: Edit document demands, requests for admissions and interrogatories. | 2.40 | $350.00 | $840.00 |
| Service | 08/09/2018 | Paralegal Fees - Karin: Updated attorneys' fees and expenses in damages spreadsheet | 0.20 | $150.00 | $30.00 |
| Service | 08/09/2018 | Paralegal Fees - Karin: Worked on pre-mediation statement | 1.40 | $150.00 | $210.00 |
| Service | 08/23/2018 | Attorney Fees: Phone call with Vin | 0.20 | $350.00 | $70.00 |
| Service | 09/06/2018 | Attorney Fees: Pre-mediation meeting with Lyons. | 1.30 | $350.00 | $455.00 |
| Service | 09/11/2018 | Paralegal Fees - Karin: Reviewed and organized documents from Lyons | 1.00 | $150.00 | $150.00 |
| Service | 09/15/2018 | Attorney Fees: Work on pre-mediation statement. | 7.90 | $350.00 | $2,765.00 |
| Service | 09/17/2018 | Paralegal Fees - Karin: Worked on organizing exhibits, editing pre-mediation statement | 5.00 | $150.00 | $750.00 |
| Service | 09/24/2018 | Attorney Fees: preparation for mediation; attended mediation | 5.50 | $350.00 | $1,925.00 |
| Service | 10/08/2018 | Paralegal Fees - Karin: Edited settlement agreement, made sure payout numbers were correct. | 0.60 | $150.00 | $90.00 |
| Service | 10/09/2018 | Attorney Fees: Review proposed settlement agreement and edits to the settlement agreement annexed. | 0.80 | $350.00 | $280.00 |
| Service | 10/17/2018 | Attorney Fees: Phone call with Lyons | 0.20 | $350.00 | $70.00 |
| Service | 10/24/2018 | Attorney Fees: Phone call with opposing counsel | 0.20 | $350.00 | $70.00 |
| Service | 10/29/2018 | Attorney Fees: Edits to settlement letter. | 0.90 | $350.00 | $315.00 |

Total    $26,678.00

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 94 | 11/28/2018 | $26,678.00 | $0.00 | $26,678.00 |

Invoice # 94 - 10/29/2018

| | |
|---|---|
| Outstanding Balance | $26,678.00 |
| Total Amount Outstanding | $26,678.00 |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.

| Date | Activity | Time (hours) | Hourly Fee | Total Fees |
|---|---|---|---|---|
| | **Vincent Bauer Time Spent on Lyons v. Lord and Taylor Acquisition Inc.** | | | |
| 2/5/18 | Office conference with K. Lyons, others | 0.60 | $ 450.00 | $ 270.00 |
| 2/7/18 | Research overtime issue; review client notes; TCs with J. Aronauer | 1.40 | $ 450.00 | $ 630.00 |
| 2/14/18 | Prepare for settlement teleconference | 0.60 | $ 450.00 | $ 270.00 |
| 2/15/18 | Attention to settlement, damages calculations | 0.70 | $ 450.00 | $ 315.00 |
| 2/22/18 | Revise complaint; teleconference with J. Aronauer | 1.10 | $ 450.00 | $ 495.00 |
| 2/26/18 | Review draft complaint | 0.60 | $ 450.00 | $ 270.00 |
| 2/28/18 | Attention to complaint revisions, settlement | 0.60 | $ 450.00 | $ 270.00 |
| 3/2/18 | Attention to complaint, press issues | 0.90 | $ 450.00 | $ 405.00 |
| 3/5/18 | Attention to press, service issues | 0.90 | $ 450.00 | $ 405.00 |
| 4/9/18 | Teleconference with counsel; prepare for same | 0.90 | $ 450.00 | $ 405.00 |
| 4/30/18 | Review research | 0.40 | $ 450.00 | $ 180.00 |
| 5/3/18 | Attention to settlement | 0.40 | $ 450.00 | $ 180.00 |
| 5/8/18 | Teleconference re settlement | 0.30 | $ 450.00 | $ 135.00 |
| 5/10/18 | Review research, attention to settlement | 0.90 | $ 450.00 | $ 405.00 |
| 5/14/18 | Office conference with K. Lyons, others; attention to damages calculations | 2.90 | $ 450.00 | $ 1,305.00 |
| 5/15/18 | Attention to settlement | 0.60 | $ 450.00 | $ 270.00 |
| 5/16/18 | Attention to settlement | 0.40 | $ 450.00 | $ 180.00 |
| 5/17/18 | Attention to settlement, damages spreadsheets | 1.10 | $ 450.00 | $ 495.00 |
| 7/11/18 | Teleconference with J. Aronauer | 0.20 | $ 450.00 | $ 90.00 |
| 8/10/18 | Review discovery requests | 0.40 | $ 450.00 | $ 180.00 |
| 8/23/18 | Review requests; teleconference with J. Aronauer | 0.40 | $ 450.00 | $ 180.00 |
| 9/17/18 | Revise pre-mediation statement | 0.60 | $ 450.00 | $ 270.00 |
| 9/20/18 | Prepare for mediation | 0.60 | $ 450.00 | $ 270.00 |
| 9/21/18 | Mediation preparation | 1.40 | $ 450.00 | $ 630.00 |
| 9/24/18 | Prepare for, participate in mediation | 5.50 | $ 450.00 | $ 2,475.00 |
| 10/17/18 | Teleconference with K. Lyons | 0.20 | $ 450.00 | $ 90.00 |
| 10/24/18 | Teleconference with counsel; prepare email | 0.40 | $ 450.00 | $ 180.00 |
| | **Total:** | 25.00 | | $ 11,250.00 |