## SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is made on and effective as of November __, 2018 (the "Effective Date"), by and among Lord & Taylor, LLC, Lord & Taylor Acquisition Inc., Lord & Taylor Holdings LLC, and Richard A. Baker (collectively, the "Lord & Taylor Parties"), on the one hand, and Karen Lyons ("Lyons"), on the other hand. The Lord & Taylor Parties and Lyons are collectively referred to herein as the "Parties."

## RECITALS

A.     **WHEREAS**, Lyons filed a lawsuit against the Lord & Taylor Parties captioned *Lyons v. Lord & Taylor, LLC et al.*, in the United States District Court for the Southern District of New York (the "Court") bearing case number 18 Civ. 1891 (PGG) (BCM) (the "Action"), in which Lyons alleged that the Lord & Taylor Parties are liable for, among other things, unpaid overtime pay, liquidated damages, penalties, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

B.     **WHEREAS**, the Lord & Taylor Parties deny that they are liable for any claims asserted in the Action;

C.     **WHEREAS**, the Parties have agreed that the interests of all concerned are best served by compromise, settlement, and dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests;

D.     **NOW THEREFORE**, in consideration of the mutual terms, conditions, and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.     **Settlement Payment.** The Lord & Taylor Parties shall pay a total sum of One Hundred and Fifteen Thousand Dollars ($115,000.00) (the "Payment") to Lyons and her counsel in the following manner:

   a.     Payment to Lyons. Lyons shall receive Seventy-Nine Thousand Two Hundred Seventy-Three Dollars and Seventeen cents ($79,274.17). This payment shall be reported via a form 1099, and Lyons will be responsible for all taxes.

   b.     Payment to The Law Offices of Jacob Aronauer. The Law Offices of Jacob Aronauer shall receive Twenty-Three Thousand Eight Hundred Seventeen Dollars and Twenty-Two Cents ($23,817.22). This payment shall be reported via a form 1099.

   c.     Payment to The Law Offices of Vin Bauer. The Law Offices of Vincent E. Bauer shall receive Eleven Thousand Nine Hundred and Eight Dollars and Sixty-One Cents ($11,908.61). This payment shall be reported via a form 1099.

2.      **Payment Schedule**. The Parties agree that the Payment represents a settlement of disputed claims made by Lyons and denied by the Lord & Taylor Parties, inclusive of costs and reasonable attorneys' fees. The Payment is conditioned upon Court approval of this Agreement and shall be made within fourteen (14) days following the entry of an order approving this Agreement.

3.      **In the Event of Failure to Make Payment**. In the event that that the Lord & Taylor Parties fail to make payment as set forth under Section 2, Lyons's counsel shall provide notice to the Lord & Taylor Parties' counsel Michael Dockterman. Notice by e-mail at mdockterman@steptoe.com shall be deemed sufficient notice. After notice, the Lord & Taylor Parties shall have seven (7) days to remedy breach of the Agreement.

4.      **General Release and Waiver of Rights**.

    a.      In return for the consideration described above, Lyons unconditionally releases and forever discharges the Lord & Taylor Parties, their agents, employees, parents (including without limitation The Hudson's Bay Company), affiliates, successors, and assigns (the "Released Parties"), from any and all claims, demands, suits, causes of action, debts, liens, demands, liabilities, obligations, covenants, controversies, agreements, promises, damages, costs, expenses of any nature whatsoever, at law or in equity, known or unknown, which (i) were alleged in the Action; (ii) arise out of or are related to the allegations and claims that were asserted in the Action; and/or (iii) could have been asserted based on the facts, matters, evidence, documents, transactions, or occurrences alleged in the Action, whether under federal or state law, including without limitation any violation of the NYLL, FLSA, or any other wage order or state regulation or directive.

    b.      The Lord & Taylor Parties unconditionally release and forever discharge Lyons, her agents, successors, and assigns from any and all claims, demands, suits, causes of action, debts, liens, demands, liabilities, obligations, covenants, controversies, agreements, promises, damages, costs, expenses of any nature whatsoever, at law or in equity, known or unknown, which (i) were alleged in the Action; (ii) arise out of or are related to the allegations and claims that were asserted in the Action; and/or (iii) could have been asserted as counterclaims based on the facts, matters, evidence, documents, transactions, or occurrences alleged in the Action, whether under federal or state law.

    c.      In connection with the release and waiver described in this Section 4, the Parties hereby acknowledge that they or their attorneys may hereafter discover claims or facts in addition to, or different from, those which they now know or believe to exist, but that the Parties expressly agree to fully, finally, and forever settle and release any and all claims, known or unknown, suspected or unsuspected, which exist or may have existed before the Effective Date, arising out of or related to the claims or allegations that were made in this Action or could have been made based on the facts, matters, evidence, documents, transactions, or occurrences alleged in this Action.

5.      **No Other Payment Due**. Except as specifically provided in this Agreement, Lyons agrees that she is not entitled to any other payments for salary, benefits, wages, bonuses,

allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, or any other form or kind of payment or compensation from the Released Parties.

      6.    **Court Approval and Dismissal With Prejudice**. The Parties shall cooperate in good faith in taking the necessary steps to obtain approval of this Agreement consistent with the Court's October 2, 2018 Order and any subsequent orders entered by the Court.

If the Court approves this Agreement, Lyons shall dismiss the Action with prejudice and the Parties shall file a stipulation of dismissal with prejudice within seven (7) days following payment by the Lord & Taylor Parties.

If the Court does not approve this Agreement, the Agreement shall terminate and be of no force or effect, unless the Parties agree in writing to modify this Agreement in a manner necessary to obtain Court approval. The Parties agree to act in good faith to modify this Agreement to obtain Court approval in the event the Court does not approve this Agreement.

      7.    **Accord and Satisfaction**. Should any proceeding be instituted by Lyons with respect to the matters settled, released, or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed full accord, satisfaction, and settlement of any such claims and sufficient basis for immediate dismissal.

      8.    **Claims Not Included**. The Parties agree that the Release contained in Section 4 of this Agreement shall release the Released Parties from liability to the fullest extent permitted by law and only to the extent permitted by law. The Parties acknowledge that this Agreement does not prohibit the following rights or claims: (i) claims that arise after the Effective Date and (ii) claims that cannot be waived as a matter of law pursuant to any federal, state, or local law. If it is determined that any claim covered by this Agreement cannot be waived as a matter of law, the Parties expressly agree that this Agreement will nevertheless remain valid and fully enforceable as to the remaining released claims.

      9.    **No Admission of Liability**. The Parties understand and agree that the consideration given and the responsibilities undertaken pursuant to this Agreement are not to be construed as admissions of any liability on the part of any Released Party, all such liability being expressly denied.

      10.    **Nondisclosure and Nondisparagement**..

      a.    Lyons acknowledges that during the course of her employment with the Lord & Taylor Parties, Lyons received and/or obtained knowledge of Confidential Information (as defined below). Lyons agrees to keep in strict confidence and trust all Confidential Information, and Lyons will not disclose, reveal, convey or communicate any Confidential Information without the consent of the Lord & Taylor Parties, except as required by law. "Confidential Information" shall mean non-public information, including technical information, relating to the Lord & Taylor Parties' business, including without limitation health information or personally identifiable information related to a director or officer of a Lord & Taylor Party or that director's or officer's

family member. For the avoidance of doubt, Confidential Information shall not include the existence or terms of this Agreement.

  b. No Party shall make, or cause to be made, any statements, observations, or opinions, or communicate any information (whether oral or written), that disparages or is likely in any way to harm the reputation of the other Party. This nondisparagement obligation shall not apply to truthful statements regarding a Party's experience litigating or settling this Action.

  c. If the Lord & Taylor Parties possess sufficient evidence to persuade a court that Lyons has violated the obligations set forth in this Section, Lyons acknowledges that the harm would be irreparable and not compensable by monetary damages alone, and that the Lord & Taylor Parties shall be entitled to seek an order for injunctive relief.

  d. If Lyons possesses sufficient evidence to persuade a court that the Lord & Taylor Parties have violated the obligations set forth in this Section, the Lord & Taylor Parties acknowledge that the harm would be irreparable and not compensable by monetary damages alone, and that Lyons shall be entitled to seek an order for injunctive relief.

  e. The above obligations of nondisclosure and nondisparagement shall survive in perpetuity for non-public information of the Lord & Taylor Parties, of a director or officer of the Lord & Taylor Parties, of a director's or officer's family member, or the Lord & Taylor Parties' customers or personnel.

11. **Representations and Warranties**. Each Party represents and warrants to the others that each Party has the full right and power to execute, deliver and perform this Agreement according to its terms, without the necessity of consent of or joinder with another. When executed, delivered, and approved by the Court, this Agreement shall constitute a valid and binding agreement, enforceable according to its terms and as to all related entities, successors, subsidiaries, affiliates and/or agents and assigns. The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights released in this Agreement.

12. **Entire Agreement**. This Agreement shall constitute the entire agreement and understanding of and among the Parties in relation to matters described herein, and no statements, representations, inducements or promises other than as expressly set forth herein have been given or received by any of the Parties (nor by their respective agents, employees, attorneys or representatives) in return for the same. All negotiations, oral conversations, statements, representations and/or agreements leading up to the execution of this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation or otherwise.

13. **Waiver and Modification**. This Agreement may not be modified, altered, or changed except upon express written consent of the Parties.

14.     **Counterparts and Signatures**.     This Agreement may be signed in counterparts, which, taken together, shall constitute the agreement of the Parties. The Parties agree to accept facsimile signatures and electronic signatures as originals.

15.     **Severability**. The Parties expressly agree that if any portion of this Agreement is, or shall hereafter be found by a court of competent jurisdiction to be unlawful, invalid, or otherwise unenforceable, then the remaining portions of this Agreement shall nonetheless continue to be in full force and effect and binding upon each of the Parties hereto.

16.     **Representation by Counsel**. The Parties acknowledge that they have each been represented by independent counsel of their own choice throughout all of the negotiations that preceded and resulted in the execution of this Agreement. This Agreement shall be construed fairly as to all Parties and not in favor of or against any of the Parties regardless of who prepared this Agreement.

[Signature Page to Follow]

The undersigned have carefully read the Agreement and know its contents, and have signed the same as their free and voluntary act.

_____     _____
For Lord & Taylor, LLC, Lord & Taylor    Karen Lyons
Acquisition Inc., and Lord & Taylor Holdings
LLC

By:

**DAVID J. SCHWARTZ**
Title: Executive Vice President - General Counsel

_____
Richard A. Baker

The undersigned have carefully read the Agreement and know its contents, and have signed the same as their free and voluntary act.

_____   _____
For Lord & Taylor, LLC, Lord & Taylor   Karen Lyons
Acquisition Inc., and Lord & Taylor Holdings
LLC

By:

Title:

_____
Richard A. Baker

6